**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KAREEM MARSHALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-CV-105 (MTT)** |
| | ) | |
| **CAPITAL ACCOUNTS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On March 23, 2023, plaintiff Kareem Marshall, proceeding pro se, filed this lawsuit against defendants Capital Accounts, Experian, and Equifax.  Doc. 1.  Marshall also filed a motion for leave to proceed *in forma pauperis* ("IFP").  Doc. 2.  The Court granted Marshall IFP status, but because Marshall's complaint was lacking, the Court ordered him to amend his complaint before it conducted a frivolity review pursuant to 28 U.S.C. § 1915.  Doc. 3.  Marshall filed his amended complaint on April 17, 2023.  Doc. 4.  For the following reasons, Marshall's complaint (Doc. 4) is **DISMISSED** without prejudice.

## I. BACKGROUND[1]

Marshall alleges the defendants have engaged in "fraudulent" actions regarding his credit.  Doc. 4-1.  The defendants "monopolized," formed "a combination that would sustain control within the debt collection and credit reporting industries, using oppression, fraudulent activities, wanton behavior, and malicious acts," and "have

---

[1] It is not entirely clear what conduct Marshall complains of, but the Court does its best to summarize.

persistently administered cruel and unjust treatment for a lengthy duration." *Id*. ¶ 3. This alleged "discriminatory" and "defamatory" conduct has caused Marshall to be "tortured for a fraction of [his] life." *Id*.

Based on this alleged conduct, Marshall brought this lawsuit against the defendants, contending that he has suffered mental health complications, "persistent physical aches and pains," and pecuniary losses. *Id*. ¶¶ 3, 6. In count one, he asserts a Fair Debt Collection Practices Act ("FDCPA") claim based on the defendants' alleged use of his personal identification information, making of fraudulent credit reports "without providing proof of validation," reporting of false information about him to consumer reporting agencies, and supplying of "deceptive forms." *Id*. ¶¶ 7, 11-12, 17, 26, 31. In count two, he alleges the defendants "unlawfully reported [his] consumer report to other consumer reporting agencies without a permissible purpose" and "knowingly obtained fraudulent information under false pretenses" in violation of the Fair Credit Reporting Act ("FCRA"). *Id*. ¶¶ 34, 40. In count three, he alleges the defendants "violated [his] legal rights under the Racketeer Influenced and Corrupt Organizations Act" ("RICO"). *Id*. ¶ 47. Finally, in count four, Marshall alleges the defendants defamed him. *Id*. ¶ 54-55.

## II.  STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions. 28 U.S.C. § 1915. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). The Court shall dismiss the case if it determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim

on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) [for failure to state a claim] is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."[2]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because Marshall is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter "to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.*"  Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

### III.  DISCUSSION[3]

Marshall fails to plausibly state FDCPA, FCRA, RICO, or defamation claims. Doc. 4-1 ¶¶ 7-55.

### A.  FDCPA

Marshall alleges the defendants have committed numerous violations of the following FDCPA sections: 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, 1962g(b), and 1692j.  Doc. 4-1 ¶¶ 7, 10-12, 16-17, 22, 26-27, 31.

To plausibly state a claim under FDCPA sections 1692e, 1692f, and 1692g, "a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection."  *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).  Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A creditor is not generally considered a "debt collector" under the FDCPA and thus is not subject to liability under the statute.  *See* 15 U.S.C. § 1692a(6)(F); *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).

Marshall has not provided "enough factual content to allow a reasonable inference that" Experian and Equifax are "debt collectors."  *Reese*, 678 F.3d at 1218.

---

[3] For purposes of this frivolity review, the Court assumes Marshall has standing to pursue his FDCPA and FCRA claims.  However, recent Supreme Court and Eleventh Circuit precedent indicates Marshall's claims for non-pecuniary losses, i.e., mental suffering, do not constitute "concrete harm," and thus he may not have standing to pursue those claims.  *See TransUnion LLC v. Ramirez*, __ U.S. __, 141 S.Ct. 2190 (2021); *Hunstein v. Preferred Collection and Mgmt. Servs., Inc.*, 48 F.4th 1236 (11th Cir. 2022); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020).

Experian and Equifax are credit reporting agencies.  And although Capital Accounts is a debt collector, Marshall has not identified the violative conduct committed by Capital Accounts.  Doc. 4-3.  Beyond his conclusory allegations that Capital Accounts violated the FDCPA, the only information Marshall provides regarding Capital Accounts' conduct is a letter from that entity.  *Id*.  But it is entirely unclear what information in that letter is relevant to his FDCPA claim.  Because Marshall did not allege facts tending to establish that Experian or Equifax are "debt collectors," and because he provided mere conclusory allegations against Capital Accounts, he fails to state a claim under 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, or 1962g(b).

Unlike the above-mentioned sections, FDCPA section 1692j does not limit liability to "debt collectors."  This section makes it "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."  15 U.S.C. § 1692j(a).  Marshall provides no facts suggesting that any defendant designed, compiled, and furnished any form to him.  He merely makes the conclusory allegation that all three defendants have "engaged in a lengthy history of using deceptive forms to create a false belief that [he] participated in the collection of an unlawful debt when [he] was actually not involved in the collection of the debt."  Doc. 4-1 ¶ 31.  But he provides no information indicating which defendant provided him with what form, or what those alleged forms contained.  Without more, he fails to state a claim under 15 U.S.C. § 1692j.

**B. FCRA**

Next, Marshall alleges the defendants violated his rights under the following

FCRA sections: 15 U.S.C. §§ 1681b(a), 1681b(f), and 1681q.  Doc. 4-1 ¶¶ 34-35, 40.

He contends the defendants "unlawfully reported [his] consumer report to other

consumer reporting agencies without a permissible purpose," "unlawfully reported

fraudulent consumer reports to consumer reporting agencies," and "knowingly obtained

fraudulent information under false pretenses."  *Id*. ¶¶ 34-35, 40.

*1. § 1681b(a) and § 1681b(f)*

Under the FCRA, "any consumer reporting agency may furnish a consumer

report under" six narrow circumstances. 15 U.S.C. § 1681b(a).  The FCRA prohibits the

use or obtainment of a consumer report for any purpose not authorized under one of

these circumstances.  15 U.S.C. § 1681b(f).  According to Marshall, the defendants

"unlawfully reported [his] consumer report to other consumer reporting agencies without

a permissible purpose" and "unlawfully reported fraudulent consumer reports to

consumer reporting agencies."  Doc. 4-1 ¶¶ 34-45.  However, other than these

conclusory allegations, Marshall does not specify *which* defendant furnished *what* report

to *what* consumer reporting agency.  He also does not indicate for what "impermissible

purpose" the report was furnished.  Although he attaches pages of what are presumably

his credit accounts, it is unclear whether this exhibit provides any details to support this

claim.  Doc. 4-4.

Without this needed "specific factual matter," Marshall fails to plausibly state a

claim under 15 U.S.C. §§ 1681b(a) and 1681b(f).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).

*2. § 1681q*

15 U.S.C. § 1681q provides: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."  This section "is enforceable by the FCRA's private right of action" under 15 U.S.C. § 1681n. *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1214 (11th Cir. 2019).

In a conclusory manner, Marshall states the defendants "knowingly obtained fraudulent information under false pretenses."  Doc. 4-1 ¶¶ 40-42.  But he does not provide any facts to support this claim.  He, again, states that each defendant committed certain "counts" on various dates, and cites to his exhibit, but other than dates and account information, it is unclear what information this document provides to support his allegation that the defendants obtained fraudulent information under false pretenses.  *Id*.  Accordingly, he fails to state a claim under 15 U.S.C. § 1681q.

## C.  RICO

18 U.S.C. § 1962 provides a private RICO cause of action.  18 U.S.C. § 1964(a).  Under 18 U.S.C. § 1962, a plaintiff seeking damages must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994) (quoting *Sedima, S.P.R.L. v. Imrex Co, Inc.*, 473 U.S. 479, 496 (1985).

Marshall fails to allege facts sufficient to plausibly establish any of these elements.  He asserts the defendants violated RICO because they engaged in criminal fraudulent behavior and "racketeering activities" that have defamed him and caused him harm and financial loss.  Doc. 4-1 ¶¶ 45, 53.  From the face of his complaint, it is

unclear what fraudulent activities the defendants have allegedly engaged in, how they constitute an "enterprise" for purposes of RICO, and what conduct they participated in that created a "pattern of racketeering activity."  Indeed, Marshall does not explain what "racketeering activity" any of the three defendants engaged in.  He cites to his exhibit, but, again, it is unclear how this document provides support for his RICO claim.  Doc. 4-1 ¶¶ 50-52.  Moreover, if Marshall alleges the defendants violated RICO through the collection of an unlawful debt, rather than a "pattern of racketeering activity," he also fails to state a claim.  "Unlawful debt" under RICO is defined as "a debt … incurred or contracted in gambling activity … and … which was incurred in connection with the business of gambling."  18 U.S.C. § 1961(6).  The debt collection Marshall complains of is wholly unrelated to gambling.

Accordingly, Marshall fails to state a claim for a violation of RICO.

**D.  Defamation**

To state a claim for defamation under Georgia law, a plaintiff must allege four elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *Am. Civ. Liberties Union, Inc. v. Zeh*, 312 Ga. 647, 650, 864 S.E.2d 422, 427-28 (2021) (citation omitted).  Where, as here, the plaintiff is a private figure, he must allege "that the defendant published the allegedly defamatory statements with at least ordinary negligence." *Id*.

Marshall also fails to state a claim for defamation.  Doc. 4-1 ¶¶ 54-55.  He provides no facts explaining what false and defamatory statements were made by the

defendants or to whom they were communicated.  Rather, he provides two conclusory paragraphs with no facts.  *Id*.  He again references his exhibit and the "counts" committed by the defendants, but it is unclear what these "counts" are, even with the benefit of his exhibit.  *Id*.  Presumably, the false statements are credit reports made by the defendants.  However, Marshall provides no facts in his complaint establishing how these reports are false and defamatory.

## IV. CONCLUSION

Marshall fails to plausibly state a FDCPA, FCRA, RICO, or defamation claim. Accordingly, his complaint (Doc. 4) is **DISMISSED** without prejudice.

**SO ORDERED**, this 13th day of June, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT